```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
PROSPERUM CAPITAL PARTNERS LLC,                           :
                                                          :
                              Plaintiff,                  :   21 Civ. 7974 (PAE)
                                                          :
               -v-                                        :   OPINION & ORDER
                                                          :
NHC FOOD COMPANY INC, NEW HAPPY FOOD                      :
COMPANY, and YOU NAY HOR KHAO,                            :
                                                          :
                              Defendants.                 :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Before this Court is a motion to transfer. Defendants NHC Food Company Inc. d/b/a NHC Food Company ("NHC"), New Happy Food Company ("New Happy"), and You Nay Hor Khao ("Khao") (together, "defendants") removed this breach of contract action from the Supreme Court, County of New York. Soon thereafter, they moved to transfer this case to the Northern District of Georgia, pursuant to 28 U.S.C. § 1404 and 28 U.S.C. § 1412. They explained that each defendant has filed for bankruptcy in that District, in the Atlanta Division, and that the contract-breach claim here is implicated in that action, because (1) plaintiff Prosperum Capital Partners LLC d/b/a Arsenal Funding ("Prosperum") has filed a proof of claim in the bankruptcy court for its asserted contract damages and (2) the fraudulent scheme that caused defendants to file for bankruptcy also caused the alleged breach. For the reasons that follow, the Court grants the unopposed motion to transfer.

I.      **Background**

    A.      **Factual Background**

        1.      **The Parties**

Prosperum is a New York-based LLC. Dkt. 1-1 ("Compl.") ¶ 1. Defendants NHC and New Happy are Georgia-based companies. *Id.* ¶¶ 2, 3. Individual defendant Khao is a Georgia resident. *Id.* ¶ 4. Khao owns NHC and New Happy. *Id.* ¶ 5.

        2.      **Allegations in Prosperum's Complaint**

On April 9, 2021, Prosperum filed its complaint in the Supreme Court, County of New York. *See id.* It alleged that on or about March 22, 2021, it had entered into a Purchase and Sale of Future Receivables Agreement ("Agreement") with defendants. *Id.* ¶ 6. Prosperum agreed to purchase up to $155,005.00 of the defendants' future accounts receivable. *Id.* Defendants agreed to have one bank account from which defendants authorized Prosperum to debit 9% of their daily revenue until the amount of receivables they had purchased—$155,005—was paid in full. *Id.* ¶ 7. In addition, Khao agreed to guarantee all amounts owed to Prosperum upon a breach in performance by NHC and New Happy. *Id.* ¶ 8.

Prosperum alleged that on or about April 2, 2021, defendants stopped making payments to Prosperum and intentionally impeded Prosperum from making the agreed-upon withdrawals from the bank account—while conducting regular business operations and still holding accounts-receivable. *Id.* ¶ 11. As alleged, defendants made payments totaling only $41,334.64, leaving a balance owed to Prosperum of $113,670.36. *Id.* ¶ 12.

Under the Agreement, defendants agreed to pay Prosperum's costs of retaining collection firms and its disbursements (collectively, "Reasonable Damages"). *Id.* ¶ 13. The agreement calculates "Reasonable Damages" as 25% of the adjusted sold amount of future receipts—*i.e.*, the balance owed—at the time of default. *Id.* The Complaint alleged that this figure was

$28,417.59. *Id.* The Complaint therefore alleged that the sum of the Reasonable Damages and the principal balance due Prosperum was $142,087.95. *Id.* ¶ 14.

### 3. Removal

On September 24, 2021, defendants removed the case to federal court, based on the case's relationship to defendants' ongoing bankruptcy proceeding. *See* 28 U.S.C. § 1452; *see also* Dkt. 1 ("Notice"); Dkt. 19. The Notice explained that defendant Khao's son, Kim Ngov Hor a/k/a Danny Hall ("Hall"), had allegedly forged Khao's name on more than 15 lending agreements with merchant cash advance lenders, including Prosperum, and had obtained $3 million through this scheme. Notice ¶ 5. It explained that, in May 2021, Hall's conduct had come to light, with the result that, on June 29 and 30, 2021, New Happy, NHC, and Khao had been forced to file for bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. *Id.* ¶ 8. The Notice further explained that, on July 1, 2021, Prosperum had filed a proof of claim in the NHC bankruptcy case, claiming damages of $113,670.36 based on a breach of contract—the same one alleged here. *Id.* ¶ 10. On September 23, 2021, the debtors—defendants here—filed an objection in bankruptcy court to Prosperum's proof of claim. *Id.*

The Notice asserted that Prosperum and other merchant cash advance lenders have made similar claims against defendants in the Georgia bankruptcy cases, and have filed proofs of such claims. *Id.* ¶ 11. Defendants explained that their goal in removing to federal court is ultimately to consolidate all cases, including this one, in bankruptcy court in Georgia, to avoid duplicative litigation and expense and, potentially, conflicting judgments. *Id.*

3

### B. Procedural History of This Action

As noted, on September 24, 2021, defendants removed the case to federal court. Dkt. 1.[1] On September 27, 2021, defendants filed proof of service, certifying that the Notice of Removal had been sent via first class mail to Prosperum's counsel and to its business address. Dkt. 3.

On September 29, 2021, defendants filed a motion to transfer the case to the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1412 and 1404, for the purpose of consolidating the claims in this case into the Georgia bankruptcy cases. Dkt. 4 ("Mot."). On October 1, 2021, defendants filed an answer to Prosperum's complaint. Dkt. 8. On November 14, 2021, defendants filed proof of service of both the motion to transfer and its answer and counterclaims. Dkts. 16, 17.

On December 14 and 21, 2021, the Court issued orders asking defendants about the service on Prosperum, given its failure to appear in this case or to respond to the motion to transfer. Dkts. 17, 18. On December 22, 2021, defendants filed a letter stating that the Notice had been filed in state court and mailed to Prosperum by first class mail, and that the motion to transfer had also been served by first class mail. Dkt. 19. Defense counsel stated that they had attempted to contact Prosperum's counsel in both this action and the Bankruptcy Cases. But,

---

[1] Bankruptcy Rule 9027(a) provides that "[i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." Prosperum has not challenged the timeliness of the removal and, given the date of the filing of the bankruptcy action, the record does not reflect any basis for such a challenge. In all events, untimely removal is a procedural, not a jurisdictional defect, and can be waived. *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006). Any challenge to removal—except for one based on a lack of subject matter jurisdiction—must be made within 30 days of having received the notice of removal. *See Pierpoint v. Barnes*, 94 F.3d 813, 818 (2d Cir. 1996); 28 U.S.C § 1447(c). That deadline has passed.

defense counsel represented, they were told that New York counsel no longer represented Prosperum, and they did not receive a response from Prosperum's Georgia counsel. *Id.*

## II. Legal Standards Applicable to Defendants' Motions

### A. Motions to Transfer Under § 1404

28 U.S.C. § 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404 "gives district courts wide latitude to decide whether to transfer venue." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *Guardian Life Ins. Co. of Am. v. Hernandez*, No. 11 Civ. 2114 (SAS), 2011 WL 3678134, at *2 (S.D.N.Y. Aug. 22, 2011)).

Courts undertake a two-step inquiry to decide motions to transfer venue under § 1404(a). *Everlast*, 928 F. Supp. 2d at 743. The Court first must determine "whether the action could have been brought in the transferee district." *Id.* (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS) (HBP), 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011)). If so, the Court then must determine "whether transfer would be an appropriate exercise of the Court's discretion." *Id.* (quoting *Robertson*, 2011 WL 5175597, at *3).

To assess whether transfer is an appropriate exercise of the Court's discretion, the Court must "balance various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency

5

and the interests of justice." *Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 407 (S.D.N.Y. 2017) (quoting *Everlast*, 928 F. Supp. 2d at 743); *see also Kreinberg v. Dow Chem. Co.*, 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56–57 (S.D.N.Y. 2001).

**B.  Motions to Transfer Under § 1412**

28 U.S.C. § 1412 provides that "a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  However, this statute has been interpreted to apply only to cases or proceedings that arise "under" the Bankruptcy Code, and not merely cases that "arise in" or are "related to" a pending bankruptcy proceeding.  *See Multibank, Inc. v. Access Glob. Cap. LLC*, 594 B.R. 618, 621 (Bankr. S.D.N.Y. 2018); *Onewoo Corp. v. Hampshire Brands, Inc.*, 566 B.R. 136, 139–40 (Bankr. S.D.N.Y. 2017); *see also Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 620 B.R. 456, 462 (S.D.N.Y. 2020) ("[T]ransferring pursuant to Section 1412 on a bare finding that only 'related to' jurisdiction existed is contrary to a plain reading of the statute.").  "A case is 'under' title 11 if it is the main bankruptcy case itself, and a proceeding is one that is 'under' the Bankruptcy Code if it asserts causes of action that are created by the Bankruptcy Code itself." *Multibank, Inc.*, 594 B.R. at 622.

"A common practice in this District when determining whether a case may be transferred pursuant to Section 1412 is to look to whether the action is 'core' or 'non-core.'" *Zohar*, 620 B.R. at 462 (S.D.N.Y. 2020) (citing *ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 248 (S.D.N.Y. 2017); *In re Northwest Airlines Corp.*, 384 B.R. 51, 60 n.1 (S.D.N.Y. 2008)).  A proceeding that involves "substantive rights created by federal bankruptcy law" or that "would have no existence outside of the bankruptcy" is a core proceeding.  *In re Robert Plan Corp.*, 777 F.3d 594, 596–97 (2d Cir. 2015).  Conversely, a claim is non-core if it "does not depend on

bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction." *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 591 (S.D.N.Y. 2012) (citation omitted).

## II. Discussion

As noted, defendants seek to transfer the case to the Northern District of Georgia under either Section 1404 or Section 1412. For the reasons below, the Court grants the motion to transfer under Section 1404.

### A. Inapplicability of Section 1412

The removed case brings claims for breach of contract and breach of personal guarantee. These claims, however, are merely "related to" the pending Bankruptcy Cases in Georgia. They "do[] not depend on bankruptcy laws for [their] existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction." *Id.*; *see also Zohar*, 620 B.R. at 465 (denying transfer under Section 1412 where, "[a]t bottom, the causes of action are common law contract claims and tort and do not emanate from Title 11"). Accordingly, transfer is unavailable under Section 1412.

### B. Venue in the Transferee District

A court assessing a transfer motion under Section 1404 must first determine whether venue would be proper in the transferee district. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Because the defendants reside or are based in the Northern District of Georgia, venue is proper there. *See* Compl. ¶¶ 2–4; Mot. ¶¶ 11–12.

### C. Multi-Factor Balancing Test

The Court next applies the multi-factor balancing test. The Court finds that, viewed together, the relevant factors favor transfer of this action to the Northern District of Georgia, and exercises its discretion to order such transfer. Specifically, the Court finds that five of the nine factors, including factors commonly given significant weight, favor transfer to Georgia, whereas the remaining factors are neutral.

#### 1. Factors Favoring Transfer

##### a. *Convenience of witnesses*

The convenience of witnesses "is an important consideration, and has often been described as the single most important § 1404(a) factor." *Everlast*, 928 F. Supp. at 743; *see Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989); *D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F. Supp. 320, 323 (S.D.N.Y. 1996)(citing *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995)); *see also* 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3851 (3d ed. 2007) (convenience of witnesses "[o]ften cited as the most important factor in passing on a motion to transfer under § 1404(a)" and "one of the [factors] most frequently mentioned by courts").

This factor favors transfer. All three defendants, and likely Hall, the alleged fraudster who entered into the contract at issue, are based in Georgia. Defendants have represented that "most of the witnesses" are present in Georgia, a claim that Prosperum does not challenge. Mot. at 13. To be sure, defendants do not identify these witnesses by name. Such specification would have strengthened defendants' bid for transfer. Nevertheless, the Court has not been given any basis to discredit defendants' forecast. And certain persons are or likely are Georgia-based: defendant Khao; her son Hall, the alleged fraudster; and relevant employees or affiliates of the other defendants.

Offsetting this, Prosperum is based in New York. *See* Compl. ¶ 1. But insofar as Prosperum is pursuing relief in the bankruptcy court in Georgia, transfer of this related litigation to that forum would not appear to materially add to any inconvenience to Prosperum's witnesses, particularly insofar as proceedings, if any, requiring the in-person presence of such witnesses can be scheduled there with an eye towards their convenience. *See* Dkt. 19. Moreover, on the face of the complaint, it is not apparent that Prosperum would need to call more than one corporate witness to effectively litigate its breach of contract claim. In all events, had Prosperum regarded litigating that claim in Georgia as burdensome for its prospective witnesses, it could have said so. Instead, Prosperum has not opposed the motion to transfer.

Accordingly, the Court finds that the convenience of witnesses, the "single most important § 1404(a) factor," *Everlast*, 928 F. Supp. at 743, favors transfer to the Northern District of Georgia.

> b.  *Locus of operative facts*

The locus of operative facts is another "primary factor in determining a § 1404(a) motion to transfer." *Smart v. Goord*, 21 F. Supp. 2d 309, 316 (S.D.N.Y. 1998) (citation omitted). This factor "substantially favors transfer from this district when a party 'has not shown that any of the operative facts arose in the Southern District of New York.'" *SBAV LP v. Porter Bancorp, Inc.*, No. 13 Civ. 372 (PAE), 2013 WL 3467030, at *4 (S.D.N.Y. July 10, 2013) (quoting *Dr. Boy GmbH v. Nationwide Ins.*, No. 96 Civ. 3217 (AGS), 1996 WL 350699, at *2 (S.D.N.Y. June 25, 1996)). "[W]here there is no material connection between this district and the operative facts[,] the interests of justice require the transfer of the action." *Cohn v. Metro. Life Ins., Co.*, No. 07 Civ. 0928 (HB), 2007 WL 1573874, at *3 (S.D.N.Y. May 31, 2007) (citation omitted). "To determine the locus of operative facts, a court must look to the site of the events from which the

claim arises." *AVEMCO Ins. Co. v. GSV Holding Corp.*, No. 96 Civ. 8323 (LAP), 1997 WL 566149, at *6 (S.D.N.Y. Sept. 11, 1997) (citation omitted).

In a breach of contract case, the locus of operative facts is determined by the location where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred. *Ivy Soc'y Sports Grp., LLC v. Baloncesto Superior Nacional*, No. 08 Civ. 8106 (PGG), 2009 WL 2252116, at *6 (S.D.N.Y. July 28, 2009). In the context of § 1404(a) venue analysis, a court "may determine that there are several loci of operative facts." *Adams v. Key Tronic Corp.*, No. 94 Civ. 0535 (MBM), 1997 WL 1864, at *4 (S.D.N.Y. Jan. 2, 1997).

The complaint does not specify where the contract was negotiated or performed, and defendants have not provided that information. But, defendants being Georgia residents, their performance and then alleged breach of the contract appear to have occurred in Georgia. Compl. ¶¶ 2–3. The lawsuit will likely turn on evidence regarding defendants' alleged breach—events that occurred in Georgia. *Cf. Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 209 (S.D.N.Y. 1998) (locus of operative facts weighed against transfer where "a substantial portion of the wrongful acts . . . occurred in the Southern District, namely at a Toy Fair in New York City" and "conduct and activities in the Southern District are key elements of [plaintiff's] case").

The "center of gravity" of this case, *see Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 485 (S.D.N.Y. 2007), *aff'd sub nom. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010), is therefore the Northern District of Georgia. Accordingly, this significant factor, too, favors transfer.

     c.  *Convenience of parties*

The convenience of the parties also favors transfer. "A defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be

substantially inconvenienced by a transfer." *SBAV LP*, 2013 WL 3467030, at *8. Here, defendants are located in Georgia. *See* Compl. ¶¶ 2–3. And Prosperum, despite being based in New York and originally filing this lawsuit in New York state court, has lately—since defendants' bankruptcy filing and removal of this lawsuit—ignored this lawsuit, while filing a proof of claim in the Georgia bankruptcy cases. *See* Dkt. 19. Prosperum's actions indicate that it no longer views pursuing this case in New York as convenient, presumably because consolidation of the related proceedings in a single District and forum would be most convenient.

          d.      *The relative means of the parties*

This factor, too, favors transfer. According to the Notice of Removal, Dkt. 1, this action arises from a fraud perpetrated not only against Prosperum, but also against the individual defendant, Khao. The Notice describes Khao as the unwitting victim of the gambling addiction of her son, Hall. Notice ¶ 5. As alleged, Hall's scheme, driven by the need to fund his gambling addiction, involved entering into over 15 lending contracts by forging his mother's signature. As a result, Khao and her businesses have been forced to file for bankruptcy. It is reasonable to infer that she likely lacks the means to defend a lawsuit like this one, in a foreign venue. *Id.* ¶¶ 5, 8.

          e.      *Efficiency and interests of jJustice*

The factors of trial efficiency and the interests of justice strongly favors transfer, given that functionally the same claims will be litigated in the Georgia bankruptcy cases. *See* Dkt. 19. In deciding whether to allow or disallow Prosperum's proof of claim, the bankruptcy court will be called upon in resolve substantially the same questions of liability and damages as presented by the Complaint here. Mot. ¶ 19. It would be inefficient and duplicative for this Court to require these same issues to be a source of discovery, motions practice, and trial.

### 2. Neutral Factors

The remaining factors are neutral and do not substantially affect the transfer analysis.

Prosperum's choice of this forum is neutral. Although Prosperum filed its case in the Supreme Court, County of New York, it appears to have abandoned the New York litigation after defendants filed for bankruptcy and removed the case to this Court, seeking relief instead in the bankruptcy proceedings. *See* Dkt. 19.

The location of relevant documents and the relative ease of access to sources of proof does not materially bear on transfer. The proof necessary to demonstrate performance and breach in this case will largely be electronic. "Given electronic discovery, and absent any concrete illustration of inconvenience to either side arising out of access to documents or other non-testimonial proof, this factor does not materially favor either venue." *SBAV LP*, 2013 WL 3467030, at *11.

The availability of process to compel the attendance of unwilling witnesses also does not materially favor or disfavor transfer, as "[n]either party has persuasively identified particular witnesses likely to present attendance challenges." *Id*.

The forum's familiarity with the governing law—"one of the least important factors in determining a motion to transfer," *ACE Am. Ins. Co. v. Bank of the Ozarks*, No. 11 Civ. 3146 (PGG), 2012 WL 3240239, at *13 (S.D.N.Y. Aug. 3, 2012)—is also a neutral factor. Although Prosperum brings claims under New York law, its claims do not implicate "nuanced issues of New York state law that this Court is materially more qualified to apply than a [Georgia] court would be." *Everlast*, 928 F. Supp. 2d at 747.

### 3. Conclusion

The transfer factors in combination weigh in favor of transfer of this case to the Northern District of Georgia. The factors of convenience to the witnesses, convenience to the parties, the

locus of operative events, the relative means of the parties, and efficiency and interests of justice all favor transfer. The Court therefore grants defendants' motion pursuant to 28 U.S.C. § 1404.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404 is granted.

The Clerk of Court is respectfully directed to transfer this case to the Northern District of Georgia.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 13, 2022
       New York, New York